IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID W. WEST**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2633-L |
| | § | |
| **GREAT-WEST LIFE & ANNUITY** | § | |
| **INSURANCE COMPANY** and **GREAT-** | § | |
| **WEST HEALTHCARE OF TEXAS, INC.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff David W. West's Motion for Remand, filed August 18, 2005. The court, after careful consideration of the motion, briefs, response, appendices, reply, record and applicable authorities, **grants** Plaintiff David W. West's Motion for Remand.

### I. Background

Plaintiff David W. West ("Plaintiff" or "West") filed this action on November 8, 2004 in the 68th Judicial District Court, Dallas County, Texas against Defendants Great-West Life & Annuity Insurance Company ("Great-West") and Great-West Healthcare of Texas, Inc. ("GWHT") (collectively, "Defendants"). West asserted two causes of action against Defendants: (1) breach of contract, and (2) promissory estoppel. *See* Plaintiff's Original Petition ¶¶ 10-18. Defendants removed this action to federal court on December 10, 2004.

West has filed a motion to remand. West contends that he and GWHT are both citizens of Texas and, therefore, complete diversity does not exist among the parties. Defendants, on the other hand, contend that GWHT was improperly joined and, therefore, the citizenship of the alleged

improperly joined Defendant, GWHT, must be ignored for diversity purposes.   According to Defendants, since GWHT was improperly joined, this court has subject matter jurisdiction over this action.

## II.  Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of improper joinder bears a heavy burden.  *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 125 S.Ct. 1825 (2005).  As the parties wishing to invoke federal jurisdiction by alleging improper joinder, Defendants must establish that GWHT was joined by Plaintiff to defeat diversity of citizenship and therefore subject matter jurisdiction.   Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Since Defendants do not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means

that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id.* If there is a reasonable possibility that Plaintiff can recover on any of his claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). The court now examines Plaintiff's initial petition to determine whether it sets forth a claim under state law against GWHT.

**Memorandum Opinion and Order - Page 3**

### III.  Analysis

As previously stated, Plaintiff West alleges two causes of action against Defendants[1]: breach

of contract and promissory estoppel.  Specifically, Plaintiff alleges the following against Defendants:

First Cause of Action Against Defendants:<br>Breach of Contract

10.     Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendants for breach of contract.  The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as [if] set forth verbatim herein.

11.     Plaintiff alleges that Plaintiff entered into a valid contract with Defendants for the payment of bonuses and commissions.

12.     Plaintiff gave Defendants valuable consideration and fully performed all duties required of Plaintiff under the contract and performed all conditions precedent under the contract.  Defendants breached said contract by refusing to follow the implied terms of said contract.   In particular, Defendants breached this contract by negligently performing their duties under the contract.  As a direct and proximate consequence of said breach, Plaintiff suffered damages in an amount in excess of the minimum jurisdictional limits of this court.

13.     Because of the above-described breach of contract, Plaintiff had to retain attorneys to prosecute this action and agreed to pay the retained attorneys a reasonable fee.  Pursuant to Texas Civil Practice & Remedies Code  38.000-38.006 et seq., Plaintiff gave Defendants proper notice of this claim for attorneys' fees.

Second Cause of Action Against Defendants:<br>Promissory Estoppel

14.     Plaintiff pleads, in the alternative if necessary, a cause of action against Defendants for promissory estoppel.  The allegations contained in all of the paragraphs of this Petition are hereby reaverred

---

[1]West does not specify which Defendant engaged in particular acts; he pleads against Defendants collectively or jointly.  By doing so, West clearly seeks to hold both Defendants liable for their alleged conduct.

and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

15.    Defendants and/or their agents made promises to Plaintiff that include, but are not limited to, the following:

  a.    representing to Plaintiff that it would pay him commissions; and

  b.    representing to Plaintiff that it would pay him bonuses.

16.    Defendants and/or their agents made these promises in order to induce Plaintiff to take and/or forego certain actions.  The promises made by Defendants and/or their representatives were reasonably calculated to induce Plaintiff to take and/or forego certain actions.  Plaintiff's reliance upon Defendants' promises was reasonably foreseeable to Defendants.

17.    Plaintiff, in fact, relied on each and every one of Defendants' promises and has taken definite and substantial action in reliance on Defendants' promises to his detriment.

18.    Defendants' promises were the proximate cause of significant damages to Plaintiff, which are in excess of the minimum jurisdictional limit of this Court.  In order for injustice to be avoided, the Court must enforce the promises made to Plaintiff by Defendants and/or their agents.

Plaintiff's Original Petition ¶¶ 10-18.

Under Texas law, "[t]he elements in a suit for breach of contract are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach."  *Godwin Gruber, P.C. v. Deuschle*, 261 F.Supp.2d 682, 690 (N.D. Tex.), *affirmed*, 87 Fed. Appx. 338 (5th Cir. 2003) (quoting *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 235 (Tex. App. – San Antonio 2001, *pet. denied*)).  The elements of a promissory estoppel claim are "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to

his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).  In addition to these basic requirements for promissory estoppel, "Texas courts have also established a fourth requirement of a definite finding that injustice can be avoided only by the enforcement of the promise."  *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 360 (5th Cir. 1996), *cert. denied*, 519 U.S. 1078 (1997) (internal quotation marks and citation omitted).

Under the 12(b)(6) analysis, a review of Plaintiff's Original Petition establishes that West has set forth allegations against both Defendants that could establish all of the elements of a breach of contract claim and the alternative claim of promissory estoppel.  If the allegations are proved, Plaintiff could be entitled to recover against both Defendants.  At this stage, the court only determines whether there is a reasonable possibility of recovery, not whether Plaintiff *will* prevail on the merits.  The court is convinced that Plaintiff has adequately set forth facts that could establish the elements of breach of contract and promissory estoppel claims against GWHT.  Defendants have thus failed to show that West does not have a reasonable possibility of recovery against GWHT.  Since West and GWHT are both citizens of Texas, complete diversity does not exist, and this court therefore lacks subject matter jurisdiction over this action.  As Defendants have not met their burden, the court must remand this action to state court.[2]

As a final matter, the court notes that Defendants devoted a fair amount of time in their response addressing Plaintiff's First Amended Complaint, filed February 15, 2005.  In Plaintiff's

---

[2]The court finds it unnecessary to conduct a summary inquiry in light of the 12(b)(6) analysis it made; however, if the court were to conduct such inquiry, it concludes that the state of the record and discovery responses, at most, raise a disputed fact issue regarding the employment relationship between West and GWHT.  Accordingly, Defendants fail to identify the presence of discrete and undisputed facts that would preclude West's recovery against GWHT.  Moreover, the court is not aware of any rule of law requiring the existence of an employment relationship as a precondition for one to assert a claim for breach of contract or promissory estoppel.

**Memorandum Opinion and Order - Page 6**

First Amended Complaint, West adds three additional claims to his breach of contract and promissory estoppel claims: age discrimination pursuant to Chapter 21 of the Texas Labor Code, common law debt for wages earned, and negligent misrepresentation.  In particular, Defendants contend that GWHT was not West's employer and, therefore, GWHT could not be liable and no possibility exists wherein West could recover against GWHT regarding the age discrimination claim. Plaintiff's First Amended Complaint is really of no moment, as the court must look to the complaint or petition at the time of removal.  The live pleading at the time of removal was Plaintiff's Original Petition, and it is the document upon which the court based its analysis.  Moreover, even if the court relied on the allegations of Plaintiff's First Amended Complaint, the result would be the same, as West retained the breach of contract and promissory estoppel claims in his amended complaint.

### IV.  Conclusion

For the reasons previously stated, Defendants have failed to establish that GWHT was improperly joined as a defendant.  Since West and GWHT are both citizens of Texas, complete diversity does not exist among the parties, and this court therefore lacks subject matter jurisdiction. Accordingly, the court **grants** Plaintiff David W. West's Motion for Remand, and this action is

hereby **remanded** to the 68th Judicial District Court, Dallas County, Texas.  The clerk of the court shall effect the remand in accordance with the usual procedure.

      **It is so ordered** this 27th day of October, 2005.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 8**